UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA PARKER                                CIVIL ACTION NO. 21-cv-3327

VERSUS                                         JUDGE ELIZABETH E. FOOTE

PETSMART, LLC, ET AL                           MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Patricia Parker ("Plaintiff") filed this slip and fall suit in state court against PetSmart, LLC. PetSmart removed the case based on diversity jurisdiction. Before the court is Plaintiff's Motion to Amend Complaint (Doc. 28) that would add a non-diverse defendant that would destroy subject matter jurisdiction and require remand to state court. PetSmart opposes the motion. For the reasons that follow, it is recommended that Plaintiff's motion be granted and that this civil action be remanded to state court.

**Hensgens and the Proposed Amendment**

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an

amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

**Relevant Facts**

Plaintiff's state court petition named as defendants PetSmart and one of its employees, Kenneth Pierson. Plaintiff alleged that she was pushing a shopping cart down the aisle in the Bossier City PetSmart store when she slipped on a substance on the floor and seriously injured her head, neck, and lower back. Accompanying the petition were discovery requests that included an interrogatory that asked PetSmart to identify the company or person who cleaned and waxed the floor on or around the accident date.

PetSmart served a response about two months later and represented that the store "did not use any third party cleaning company during the relevant time frame." A few weeks later, PetSmart served and amended response that identified the last date the floors were waxed before the accident and stated, "PetSmart contracted SMS Assist, LLC for that work." PetSmart removed the case that same day.

Plaintiff promptly filed a motion to remand on the grounds that she and Mr. Pierson share Louisiana citizenship, but the court denied remand based on a finding that Mr. Pierson was improperly joined. The court set a scheduling conference, and the parties filed the required Rule 26 report. The report mentioned that Plaintiff might add SMS Assist as a defendant. Plaintiff later filed a motion for leave to add SMS Assist, and PetSmart did not oppose the motion. The court granted leave to amend but noted that the proposed amended complaint did not provide the necessary citizenship information for SMS Assist, so the court (1) ordered SMS Assist to include that citizenship information in its answer and (2) reserved the right to vacate the order if it determined that SMS Assist has Louisiana citizenship and the Hensgens factors are not satisfied. SMS Assist has not yet filed an answer, but the parties appear to assume that its addition will not impact diversity jurisdiction.

Plaintiffs' counsel represents that he asked in June 2022, soon after the motion to remand was denied, that PetSmart provide any documents connected with SMS Assist's work at the Bossier store. On June 27, 2022, PetSmart produced its first documents connected with SMS Assist. PetSmart supplemented that production on July 1, 2022, and on page 417 of 420 pages there is a one-line reference to DD Carpet Cleaning and Janitorial Services, LLC being the "vendor" for the job. PetSmart did not amend its prior discovery responses to identify DD Carpet Cleaning as the company that performed the work at the store. Plaintiff's counsel represents that he reached out to PetSmart's counsel for confirmation that DD Carpet Cleaning—not SMS Assist—was the company that actually performed the cleaning and waxing before the accident, and counsel received that

confirmation on July 28, 2022. That same day, Plaintiff filed her motion for leave to amend and add DD Carpet Cleaning as a defendant. The proposed amended complaint alleges that the LLC has two members, individuals who are both domiciled in Louisiana. Because the citizenship of an LLC is based on that of its members, this would apparently destroy diversity jurisdiction.[1]

PetSmart submits a Master Provider Agreement (Doc. 31-2) between it and SMS Assist, pursuant to which floor cleaning and other services are provided. Plaintiff alleges that the one-sentence entry on page 417 of PetSmart's supplemental production served on July 1, 2022 indicates that SMS Assist retained local company DD Carpet Cleaning to perform the actual work at the Bossier City store. PetSmart has not contested this characterization.

**Hensgens Analysis**

    **A. Has Plaintiff Been Dilatory?**

Plaintiff filed suit in state court in May 2021 and immediately served an interrogatory that asked PetSmart for the identification of persons who perform cleaning work at the store. PetSmart, in September 2021, identified SMS Assist as the company that performed the work and simultaneously removed the case. After a motion to remand was resolved and a scheduling conference was held, Plaintiff promptly moved to amend and add SMS Assist as a defendant. About that same time, PetSmart produced documents that for the first time identified DD Carpet Cleaning as the company that may have actually

---

[1] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

performed the work. Plaintiff's counsel asked for confirmation on that point. When he received confirmation a few days later, he immediately filed a motion for leave to amend and add DD Carpet Cleaning as a defendant.

PetSmart does not seriously argue that Plaintiff was dilatory in seeking leave to add DD Carpet Cleaning. PetSmart states in footnote 1 of its memorandum (Doc. 31) that it does not refute the assertion that the identity and role of DD Carpet Cleaning was not known to Plaintiff until it produced documents on June 27, 2022. Accordingly, there is no basis to find that Plaintiff was dilatory in seeking to name this defendant.

### B. To What Extent is the Purpose of the Amendment to Defeat Federal Jurisdiction?

PetSmart states that it does not claim to know the true, subjective purpose underlying Plaintiff's effort to add DD Carpet Cleaning as a defendant, but it suggests that Plaintiff's prior delay in seeking to add SMS Assist, a diverse party, contrasted with the speed with which Plaintiff sought leave to add the non-diverse DD Carpet Cleaning, suggests that defeating federal jurisdiction was a motivation for the current motion for leave to amend.

The delay in seeking leave to name SMS Assist as a defendant is understandable. Plaintiff was given the name of SMS Assist on the same day the case was removed, and Plaintiff immediately turned her attention to a motion to remand and the improper joinder issue. The court denied the motion, and a scheduling order soon issued that set a deadline for amendment of pleadings. Prior to that deadline, Plaintiff moved to amend and add the diverse SMS Assist as a defendant. Plaintiff's timing in that regard is not suspicious. She

acted promptly within the time allowed by scheduling order, and she did not have to be concerned about being accused of dilatoriness when adding a diverse defendant. Thus, nothing about the timing of the amendment to add SMS Assist implies that the even more prompt motion to add DD Carpet Cleaning was improperly motivated.

PetSmart allows that the proposed amended complaint does appear to state a viable cause of action against DD Carpet Cleaning, but it suggests that joinder of the company is not required to protect Plaintiff. PetSmart points to paragraph 4.10 of the Master Provider Agreement between PetSmart and SMS Assist, in which SMS Assist agrees that it "will be liable for … any acts or omissions of … its subcontractors" to the same extent it is liable for its own acts or omissions. That agreement, however, is between SMS Assist and PetSmart. It does nothing to give Plaintiff a cause of action against SMS Assist based on the actions of its subcontractor. The agreement states in paragraph 4.27(d) (No Third-Part Beneficiary) that the agreement does not create an interest in any third party such as Plaintiff. Furthermore, plaintiff should not be limited to filing suit against SMS Assist and not the company that may be the actual tortfeasor with direct responsibility for the accident. The financial condition of SMS Assist is unknown, and it has not appeared in the case and warranted that it will cover the bill for any fault of DD Carpet Cleaning. Thus, PetSmart's view that Plaintiff has no need to sue DD Carpet Cleaning is not persuasive.

Plaintiff also has to be concerned with comparative fault. Louisiana Civil Code Article 2323(A) provides that the percentage of fault of all persons causing or contributing to an accident shall be determined, regardless of whether the person is a party to the action or a non-party. <u>Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism</u>, 828 So.2d

530 (La. 2002) (fault had to be attributed to both defendant whose pothole caused accident and non-party healthcare providers who treated the plaintiff). Defendants often assert that other persons should share fault for an accident because Civil Code Article 2324 provides that a joint tortfeasor is not liable for more than his degree of fault. Each tortfeasor is liable only for his own share of the fault. Dumas, 828 So.2d at 537. Plaintiff should not have to go to trial with the prospect of PetSmart and SMS Assist placing blame on DD Carpet Cleaning if that company is not there to defend itself or answer in damages for any fault attributed to it.

It is apparent to anyone reviewing the record that PetSmart wants to be in federal court, and Plaintiff wants to return to state court. But there is no indication that Plaintiff's proposed amendment is improperly motivated by an effort to defeat federal jurisdiction as opposed to proper reasons. Plaintiff has discovered the company that apparently stripped and waxed the floor soon before her accident in which she slipped on a substance that may have been excess wax. Any reasonable attorney representing Plaintiff would want to amend and add that company as a defendant, no matter the jurisdictional consequences. The court finds that this factor does not weigh in favor of denying leave to amend.

### C. Will Plaintiff be Significantly Injured Absent the Amendment?

If the court denies Plaintiff leave to add DD Carpet Cleaning as a defendant, the other defendants would be able to point to an empty chair at trial and ask the jury to assign a percentage of fault to that person, who is not participating in the trial, and reduce Plaintiff's recovery by that percentage. If the court allows the amendment, the case will have to be remanded, but DD Carpet Cleaning will be there to defend the allegations against

it and answer in damages for any percentage of fault assigned to it. Accordingly, Plaintiff will face potential prejudice or injury if she is not permitted to amend her complaint in these circumstances.

PetSmart suggests that Plaintiff could pursue DD Carpet Cleaning in a separate state court proceeding and would not be greatly prejudiced because depositions and other discovery could be coordinated in the parallel actions to avoid significant duplication of work. That would not, however, avoid the potential for inconsistent decisions, including the apportionment of fault. It would also impose an unnecessary burden on the federal and state court system when the entire dispute could easily be resolved in a single forum. A straightforward slip and fall case should not require two lawsuits in different jurisdictions to resolve.

PetSmart argues that it will suffer prejudice if leave to amend is granted because all of the briefs, rulings, and other filings in federal court will be rendered irrelevant when the case is remanded. But the only briefs and rulings in this case thus far have related to subject matter jurisdiction. There have been no motions to dismiss or motions for summary judgment. Thus, PetSmart will not suffer any substantive prejudice as a result of remand.

### D. Analysis and Conclusion

Hensgens requires the court to balance PetSmart's interest in maintaining this federal forum with Plaintiff's competing interest of not having parallel lawsuits. It is an exercise of discretion that is guided by the factors discussed above.

Plaintiff was not dilatory in seeking the proposed amendment, which weighs in her favor. The next factor is the extent to which Plaintiff's intent was to destroy jurisdiction.

The facts discussed above persuade the undersigned that it is not Plaintiff's intent to destroy diversity by adding DD Carpet Cleaning. There are sound reasons for Plaintiff to seek leave to amend and sue the company that, it appears, is most likely responsible for any excess wax on the floor. The court is convinced that Plaintiff would have named DD Carpet Cleaning as a defendant in her state court petition had its identity and role been known to Plaintiff.

The final factor is whether Plaintiff will be significantly injured if leave to amend is denied. The court believes that Plaintiff would face realistic prejudice, given the comparative fault requirements, if this case proceeded in federal court without DD Carpet Cleaning as a defendant. After considering all of the arguments and relevant factors, the undersigned believes that the best exercise of the court's discretion under these circumstances is to grant Plaintiff leave to amend and remand this case to state court.

Accordingly,

It is recommended that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 28) be granted and that this civil action be remanded to the First Judicial District Court, Caddo Parish, where it was pending as case number 630,374.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2022.

Mark L. Hornsby
U.S. Magistrate Judge